UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALINE AND JAMES RENTROP**                                      **PLAINTIFFS**

**V.**                                       **CIVIL ACTION NO.1:07CV0919 LTS-RHW**

**TRUSTMARK NATIONAL BANK, ET AL.**                           **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiffs' motion [5] to remand. For the reasons set out below, this motion will be denied.

During December 2003, Plaintiffs purchased a residence situated at 6217 Martin Bayou Drive, Biloxi, Mississippi. The lender determined that this property was in a special hazard flood zone and required Plaintiffs to purchase flood insurance. The premiums for this flood insurance were to be paid from the escrow account established by the lender. The mortgage loan was later transferred to Defendant Trustmark National Bank (Trustmark), and Trustmark assumed the obligation to keep flood insurance in force on this property.

Third-party Defendant Nationwide Mutual Fire Insurance Company (Nationwide) issued both a standard flood insurance policy (SFIP) under the National Flood Insurance Act and a homeowners policy for this property at or near the time of the Plaintiffs' 2003 loan closing. The SFIP was supposed to be renewed annually, but at the time of Hurricane Katrina the policy had lapsed. The reasons for this lapse–whether Trustmark failed to pay the premium or Nationwide failed to credit the premium properly--are at the center of this lawsuit.

The forces generated by Hurricane Katrina extensively damaged Plaintiffs' property, and it was not until after the storm that Plaintiffs learned their flood insurance policy was not in force. Plaintiffs brought this action against Trustmark in the Circuit Court of Jackson County, Mississippi, alleging that Trustmark was negligent and that Trustmark breached its contractual obligation to pay the premiums for this flood insurance coverage from Plaintiffs' escrow account. Plaintiffs' state court complaint alleges that Trustmark deducted the flood insurance payments from Plaintiffs' escrow account but did not pay the flood insurance premiums. (Original Complaint Paragraph 8) The plaintiffs' allegations against Trustmark state claims under Mississippi law, and the plaintiffs have not alleged that Nationwide failed to honor its obligations under a flood insurance policy that was in effect at the time of Hurricane Katrina. Thus Plaintiffs have not alleged a cause of action under an existing SFIP, and Plaintiffs contend that theirs is a claim of a failure to procure flood insurance, a claim that does not implicate issues under the National Flood Insurance Program.

When Trustmark answered and filed its third-party complaint against Nationwide, Trustmark alleged that Nationwide had breached its obligations under an existing flood insurance policy that was in effect at the time of Hurricane Katrina. Trustmark alleged:

> 17. *Upon information and belief, Nationwide caused the funds which Trustmark remitted via the December 30, 2004 check to Nationwide as payment for the annual premium on Plaintiffs' flood policy to be applied to the wrong policy and not to Plaintiffs' flood insurance policy.* (Third Party Complaint Paragraph 17)

Nationwide has removed this case on the grounds that the administration of a SFIP and the adjustment of claims thereunder, the matters raised in Trustmark's third-party complaint, are matters of exclusive federal jurisdiction. Plaintiffs argue that their original cause of action against Trustmark alleges only state law claims, and Plaintiffs assert there is no proper basis for removal.

While the plaintiffs' original complaint alleges that Trustmark failed to procure flood insurance, it appears undisputed that there was a SFIP in place during the first year after the 2003 loan closing. This policy was supposed to have been renewed in December 2004. The third-party complaint explicitly puts into issue the question whether the SFIP covering the plaintiffs' property was properly administered and timely renewed. Since these are matters of exclusive federal jurisdiction, I believe the third-party complaint asserts an independent cause of action against Nationwide and that this entire action was therefore properly removed under 28 U.S.C. §1441(c). I am also of the opinion that the federal issues presented in the third-party complaint are intertwined with the fact questions and the issues of state law presented in the plaintiffs' original complaint, and that removal is therefore proper under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). In order to fairly adjudicate the issues among Plaintiffs, Trustmark, and Nationwide, it will be necessary to determine whether the SFIP issued in 2003 was administered properly under the regulations that apply to policies issued under the National Flood Insurance Act.

An appropriate order will be entered.

**DECIDED** this 21st day of February, 2008.

                                            s/ <u>L. T. Senter, Jr.</u>
                                            L. T. SENTER, JR.
                                            SENIOR JUDGE